## John A. Keck, Appellant, v. Frank H. Bushway et al., Appellees.

SUBROGATION—*when guarantor not entitled to.* If a note is paid by a guarantor pursuant to a special agreement and not by virtue of his liability as a guarantor, he is not entitled to invoke the rule that where a party guarantees the payment of a note and upon default by his principal pays the same to the holder the law implies a promise on the part of the principal to repay and the guarantor is subrogated to the rights of the holder to whom he makes payment.

Trespass on the case. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908. Rehearing denied, opinion modified December 17, 1908.

A. G. WEBBER, for appellant.

REDMON & HOGAN, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

The declaration in this case alleges that upon May 14, 1906, the appellees made their certain promissory note for the sum of $5,200, payable to the Citizens National Bank of Decatur, on or before twelve months after date, with interest at six per cent. from date until paid, and that appellant and one R. C. Washburn, at the request of appellees, endorsed their names upon the back of the said note, and thereby became guarantors thereof; that at the maturity of said note neither the appellees, nor the said Washburn as guarantor, paid the same or any part thereof; that the said Citizens National Bank, the payee and holder of said note, at the maturity thereof demanded payment of the same from appellant; that in consideration of his legal liability as guarantor of the said note appellant was required to and did pay the same to the said payee and that thereupon, in consideration thereof, the said

payee of said note assigned the same to appellant, and that appellant is the legal holder and owner thereof; that although requested so to do by appellant, the appellees have not paid said note or any part thereof to appellant, by means whereof, etc. To this declaration appellees pleaded the general issue and four special pleas, which special pleas alleged in varying phraseology that for a valuable consideration moving from the appellees, the appellant together with the said Washburn and the Washburn & Wheeler Manufacturing Company had assumed and agreed to pay the said note, and that the said note had been fully paid and discharged. After replication filed to said pleas the cause proceeded to trial before a jury, and at the close of all the evidence the court gave a peremptory instruction to find the issues for the appellees. Judgment was entered upon the verdict so returned and this appeal followed. The only assignment of error which appellant has argued relates to the action of the court in giving to the jury the peremptory instruction.

The evidence introduced on behalf of appellees tends to show that prior to the execution of the note in question, the appellant together with R. C. Washburn and one Amos Wheeler were the owners of the capital stock amounting to $25,000, of a certain corporation known as the Washburn & Wheeler Manufacturing Company; that thereafter appellees purchased from said Wheeler the shares of the capital stock of said corporation owned by him, being one-third of the total number of shares of said capital stock, and paid for the same in cash which they borrowed in part from the Citizens National Bank upon their note to said bank, being the note in question, and which note the appellant and said Washburn endorsed as guarantors; that before the maturity of said note appellees sold the shares of the capital stock of said corporation which they had purchased from Wheeler, to appellant and Washburn, or to appellant, Washburn, and the said corporation, and that appel-

lant and said Washburn, in consideration of said sale by appellees, agreed to pay the note in question, and upon which they were guarantors; that after the said sale by appellees of said shares of stock, appellant and Washburn, or the Washburn & Wheeler Manufacturing Company paid to the bank the sum of $600 to be applied upon the principal of said note and $208 in payment of the accrued interest thereon, which amounts were then so applied by the bank upon said note; that the Washburn & Wheeler Manufacturing Company then gave to the bank its note for $4,200, endorsed by appellant and said Washburn, in full liquidation of the note in question, which note the bank then surrendered and endorsed as follows: "Assigned to John A. Keck, without recourse. Citizens National Bank, Geo. S. Connard, Cashier."

Waiving the question as to whether or not the uncontradicted evidence in the case establishes the claim of appellees that appellant and Washburn, or they together with the Washburn & Wheeler Manufacturing Company, assumed and agreed to pay the note in question, in consideration of the sale by appellees of the shares of capital stock of said corporation, it is clear that upon the uncontroverted evidence in the record appellant is not entitled to recover.

Appellant's only ground of recovery is predicated upon the supposed application, to the facts in the case, of the well-established doctrine, that where a party guarantees the payment of a promissory note and upon default of payment by his principal, pays the same to the holder, the law will imply a promise on the part of the principal to repay, and the guarantor will be subrogated to the rights of the holder, to whom he makes payment. Voltz v. National Bank, 158 Ill. 532. This rule of law cannot be invoked by appellant in this case for the reason that the uncontroverted evidence in the record discloses that the note in question was paid by the Washburn & Wheeler Manufacturing Company, or by appellant and Washburn jointly, in

pursuance of the agreement hereinbefore mentioned and that it was not paid by appellant pursuant to his liability as guarantor. In this state of the record the peremptory instruction was properly given and the judgment of the circuit court will be affirmed.

*Affirmed.*